Clovis Carl **GREEN**, Jr., Plaintiff,

v.

Rev. **GARROTT**, Protestant Chaplain, Missouri State Penitentiary, et al., Defendants.

No. 76 CV 135 C.

United States District Court, W. D. Missouri, W. D.

Aug. 9, 1976.

Clovis Carl Green, pro se.

## ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER DISMISSING CAUSE WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

On July 2, 1976, plaintiff submitted his *pro se* pleading which was obviously intended to serve as a complaint in an action for damages under the federal Civil Rights Statutes. As plaintiff did not accompany his pleading with the $15.00 filing fee required by 28 U.S.C. § 1914 and Local Rule 4 of this Court, it was assumed that plaintiff desired to proceed with his civil action in forma pauperis under the provisions of 28 U.S.C. § 1915. Accordingly, the plaintiff's pleading was filed provisionally, assigned a civil action number, and submitted to the undersigned judge pursuant to the general Order of the Court *en banc* of December 3, 1968.

Under the provisions of 28 U.S.C. § 1915, the Court is authorized to allow the commencement of a civil action without prepayment of fees and costs or the giving of security therefor where the potential plaintiff is an indigent who has filed an affidavit that he is unable to pay such costs or give security therefor. However, the provisions of 28 U.S.C. § 1915(d) also permit a Court to dismiss a case if the allegation of poverty is untrue or if the action is frivolous or malicious. Therefore, it is this Court's practice to make preliminary determinations that a plaintiff is indeed unable to pay a filing fee and that the prospective claims to be litigated are substantial and not merely colorable and frivolous. *See Carey v. Settle,* 351 F.2d 483 (8th Cir. 1965); *Rhodes v. Houston,* 258 F.Supp. 546 (D.C.Neb.1966), *aff'd,* 418 F.2d 1309 (8th Cir. 1969).

To aid the Court with these determinations under 28 U.S.C. § 1915 an Order was entered July 19, 1976, directing the plaintiff 1) to submit his complaints on forms adopted by the Court *en banc* on October 28, 1975, for use in prisoner civil rights actions and 2) to complete an affidavit and questionnaire relating to his financial status. Pursuant to the Order of July 19th, plaintiff was provided with blank copies of the complaint forms, blank copies of the affidavit and questionnaire forms, and a set of detailed instructions on how to complete and return all forms. Those instructions state in pertinent part:

> To commence an action you must submit the *original and two copies* of the completed *complaint* form to the Clerk of the United States District Court. You should also make a fourth copy of the complaint and keep it for your own records. . . .

> In order for your complaint to receive consideration by the Court, it must conform to these instructions and to these forms.

> *THE COMPLAINT AND AFFIDAVITS SHOULD NOT, UNDER ANY CIRCUMSTANCES, CONTAIN LEGAL ARGUMENTS OR CITATIONS TO AUTHORITY.* Under the Federal Rules of Civil Procedure, the function of a complaint, whether it is drawn by the plaintiff himself or by an attorney, is to set forth *the facts* on which the plaintiff relies for recovery. (emphasis in the original).

The Court's Order of July 19, 1976, directing plaintiff to submit his complaints on forms stated in part:

> In order for plaintiff's provisionally filed action to receive further consideration by the Court, the enclosed forms

must be completed fully in writing (legibly handwritten or typewritten), signed by the plaintiff and verified (notarized), and shall set forth in concise manner the answers to each applicable question. Plaintiff will note that the answers requested from him are facts. Plaintiff is directed to read the instructions accompanying this Order carefully, paying close attention to the impropriety of making legal arguments or citations to legal authority in the complaint itself.

On July 26, 1976, plaintiff responded to the Court's Order of July 19th by filing one copy of a complaint form and one copy of an affidavit and questionnaire form. Plaintiff did not submit two additional completed copies of the complaint form as required by the instructions. In response to Part IV of the complaint form, which asks that a plaintiff state the facts of his claim,[1] plaintiff attached extra sheets of paper consisting of a verbatim copy of his original *pro se* pleading, and in the blank space provided in Part IV for plaintiff to set forth the facts surrounding his claims plaintiff stated:

THE PLAINTIFF IS FILLING OUT ONE COPY TO SEND TO THE COURT, WITH THE SAME ALLEGATIONS AS THE ORIGINAL PLEADINGS. THERE WILL NOT BE CARBON COPIES MADE FOR TWO REASONS: FIRST, IT WOULD COST THE PLAINTIFF ABOUT 20¢ FOR COST OF THE PAPER, AND IT IS A TOTAL WASTE OF MONEY, AND SECONDLY THE PLAINTIFF WOULD HAVE TO SPEND AN ADDITIONAL 52¢ FOR POSTAGE. SINCE THE COURT HQS (sic) THE ORIGINAL PLEADINGS IT IS STUPID TO SEND MORE THAN ONE COPY BACK WITH THE SAME IDENTICAL FACTS. IT IS AGAINST THE RELIGIOUS BELIEFS OF THE PLAINTIFF TO WASTE MONEY ON STUPID AND RIDICULOUS THINGS THAT HAVE NO SENSE OR REASON. THIS COURT FORM IS THUS RIDICULOUS AND STUPID, WHOSE ONLY PURPOSE IS TO FRUSTRATE PRISONERS WHO FILE COURT ACTIONS. (Emphasis by plaintiff.)

Additionally in response to Part II of the complaint form, which asks that a plaintiff set forth the style, number, citation if known, date of filing, disposition, etc. of any previous civil action in state or federal courts "dealing with the same facts involved in this action or otherwise relating to your confinement", plaintiff stated:

This question is immaterial and irrevelant (sic) to this case, as all cases must be given individual attention.

■ Because plaintiff has refused to fully and properly answer the questions set forth in the complaint forms and because plaintiff has refused to supply the Court with three copies of the completed complaint forms, plaintiff's form complaint will be stricken from the files in this cause as totally nonresponsive to the Court's Order of July 19, 1976. Contrary to plaintiff's expressed belief that the Court forms prescribed for use in prisoner civil rights actions are "ridiculous and stupid, whose only purpose is to frustrate prisoners who file court actions", the forms are designed and intended to benefit both potential plaintiffs and the Court by achieving prompt and efficient disposition and resolution of civil actions filed by prisoners who challenge the conditions of their confinement.

This Court, with jurisdiction over matters raised by inmates of the Missouri State Penitentiary and almost all other facilities of the Missouri Department of Corrections, has experienced a vastly increasing volume of prisoner civil rights actions in recent

---

1. Part IV of the complaint form, entitled "Statement of Claim:" is prefaced by the following instruction:

State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Do not give legal arguments or cite any cases or statutes. If you intend to allege a number of *related* claims, number and set forth each claim in a separate paragraph. [Use as much space as you need to state the facts. Attach extra sheets if necessary.] *Unrelated* separate claims should be raised in a separate civil action.

years. The priority which must be given to and the time which is spent on these cases has seriously impaired the ability of the Court to dispose of all other civil matters on its docket. The problems experienced in processing this type of litigation have been compounded by the large number of prisoner cases which are frivolous.[2] However, because some prisoner suits are ultimately found to be meritorious, this Court is especially sensitive to the need to give each and every case careful scrutiny to determine if it may state a meritorious claim.

The Court has found it virtually impossible to quickly process most prisoner civil rights cases without amplification of the original *pro se* pleadings filed by the potential plaintiffs. That is, because most if not all of the pleadings filed by prisoners consist of conclusory allegations unsupported by factual statements, it is necessary to ascertain precisely what claims a plaintiff is seeking to present and what facts surround the alleged allegations. In the past, this has been accomplished in many cases by the holding of pretrial type conferences at which the prisoner is given the opportunity to state his claims, the facts in support of those claims, and the nature of the relief he desires. Because of the large increase in prisoner case filings, the Court has been unable to continue the practice of holding these pretrial conferences. Therefore, this Court has adopted the use of form complaints and financial questionnaires in order to provide a mechanism by which a prisoner's *pro se* pleading can be amplified and thereby speed the adjudication of prisoner claims under the provisions of 28 U.S.C. § 1915 or later on the merits. The form complaints presently in use by the Court are those adopted by the Court *en banc* on October 28, 1975, which are virtually identical to the forms suggested and proposed by the Federal Judicial Center committee in its report, "Recommended Procedures for the Handling of Prisoner Civil Rights Cases in Federal Courts".[3]

The form complaints are not used, as alleged by plaintiff Green, for the purpose of frustrating prisoners who file court actions. The forms are used, as has been stated, to provide a means by which the Court can determine the factual background of a plaintiff's claims and other information which is relevant to the processing of his case. Plaintiff's refusal to state facts in response to Part IV of the complaint form and his insistence on merely attaching a duplicate copy of his original *pro se* pleading is a total abuse of the form complaint and impedes the fundamental purpose for which the forms are intended to be used. Also, Mr. Green's refusal to send the Court three copies of his completed form complaint serves as an obstacle to efficient processing of his case. Should Mr. Green be permitted to proceed in a civil action in forma pauperis under 28 U.S.C. § 1915, the burden falls upon the Court and its Clerk to order and accomplish service of process upon the named defendants. The purpose of additional copies of the form complaint is for use in service upon the named defendants. For a potential plaintiff who seeks leave to proceed in forma pauperis, it is little to ask that he prepare duplicate copies of his form complaint for service upon the defendants in his case instead of requiring that the United States and its taxpayers bear the cost of duplication of that form.

Plaintiff's assertion that Part II of the complaint form, which requests information of a potential plaintiff as to any prior civil action dealing with the same facts of his present claims, is "immaterial and irrevelant (sic)" is an assertion that stands totally unfounded. It is a quite relevant matter for the Court to inquire into

---

**2.** An excellent summary of the problems encountered in processing and disposing of prisoner civil rights actions may be found in the report prepared by the Federal Judicial Center committee chaired by Judge Aldisert, "Recommended Procedures for Handling Prisoner Civil Rights Cases in Federal Courts, Tentative Report".

**3.** These forms have been expressly approved by the United States Court of Appeals for the Fifth Circuit. *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976).

the existence of previous civil actions relating to the same facts and the disposition of those actions. It is not uncommon for a *pro se* prisoner to duplicate case filings and, through judicial notice of its own docket, this Court is aware that plaintiff Green has on more than one occasion filed several actions simultaneously that contain the same claims and allegations.

■ Plaintiff's original pleading in this cause is typical of most pleadings submitted by prisoners who are laymen in the law but who seek to draw attention to and relief from alleged violations of their constitutional rights. The thrust of the original *pro se* pleading as filed in this cause was that plaintiff is being denied access to or ownership of a cassette tape recorder on which he might record and play religious sermons and listen to lectures recorded by lawyers and law professors. All of plaintiff's allegations set forth in his original pleading are conclusory in nature and unsupported by sufficient facts to enable the Court to find that plaintiff states a cognizable claim. Two of the defendants named in the style of this action, Donald Wyrick and Donald Camper, are not named or referred to by name in the allegations in the pleading, and therefore it is impossible to determine the extent, if any, of their participation in the alleged violations. Plaintiff neither states nor shows that these defendants caused the acts complained of to be done, that the actions were done at their direction, or that the acts were done with their knowledge and consent. *See Adams v. Pate,* 445 F.2d 105, 107 (7th Cir. 1971). With respect to defendant Reverend Garrott, there is no allegation which in any way shows that he was acting as a state employee or official or even that the tape cassette was other than Reverend Garrott's own personal property. Because there is a total lack of any specific facts which would conceivably state a claim of a violation of federal constitutional rights, the Court was, and remains, of the view that plaintiff's *pro se* pleading is frivolous within the meaning of 28 U.S.C. § 1915. Although a prisoner civil rights pleading is to be read liberally and with a judicial gloss, *Haines v. Kerner,* 404 U.S. 519, 92

S.Ct. 594, 30 L.Ed.2d 652 (1972), it is also necessary that such a pleading contain more than "[b]road and conclusory statements unsupported by factual allegations [which] are not sufficient to support a cause of action under § 1983." *Ellingburg v. King,* 490 F.2d 1270, 1271 (8th Cir. 1974).

Because the Court viewed plaintiff's *pro se* pleading as totally lacking in factual supporting allegations, plaintiff was directed to submit his complaints on the official forms. By complying fully with the instructions and properly completing the forms with statements of the facts surrounding the alleged claims, plaintiff would have the opportunity to show that his claims were in fact potentially meritorious. Plaintiff has abused that opportunity and in doing so has failed to comply with an Order of the Court. Because plaintiff has failed to comply with the Court's Order and the instructions pertaining to submission of the form complaint as directed by that Order, the plaintiff's form complaint will be stricken as nonresponsive to the Court's Order of July 19, 1976. Moreover, the Court has concluded that plaintiff's original *pro se* pleading is frivolous within the meaning of 28 U.S.C. § 1915(d). Accordingly, plaintiff will be denied leave to proceed in forma pauperis and his present action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(d).

Plaintiff is advised that since this action will be dismissed without prejudice he is, of course, free to refile a second action based on the same claims he asserts presently. However, plaintiff is also advised that he should file a second action on the forms and in doing so should to the best of his ability comply with the instructions pertaining to those forms and answer all questions asked on the forms. In particular, plaintiff should set forth the facts of any claim in as much detail as possible as directed in part IV of the complaint forms.

Plaintiff might also do well to remember that it is he who regularly seeks speedy adjudication of his civil actions. In any civil matter, this Court undertakes to pro-

ceed as quickly as possible to a just adjudication, and that end is best achieved when cooperation is obtained from the parties. The plaintiff prides himself on being a prolific writ writer. However, he apparently does not understand, despite his continuous practice before the courts, that the volume of his litigation and his impatience do little to aid the system of justice.

At this point it is helpful to set out with some particularity an up-to-date summary of petitioner Clovis Carl Green, Jr.'s history of civil litigation that has come to the attention of this Court.

Below are set out the case numbers and dates of only those cases filed by Clovis Carl Green, Jr., on his own behalf in the United States District Court, Western District of Missouri. It is noteworthy that the tempo of filings by Mr. Green has increased. For example, Mr. Green has filed 14 new civil cases in the United States District Court, Western District of Missouri between the dates of June 4, 1976 and July 15, 1976.

| Case Number | Date Filed |
| --- | --- |
| 19880-1 | 9/20/72 |
| 20562-4 | 9/20/72 |
| 2877-1 | 4/17/72 |
| 3015-1 | 7/19/72 |
| 3027-1 | 7/25/72 |
| 3042-1 | 8/4/72 |
| 3069-1 | 8/25/72 |
| 3092-1 | 9/12/72 |
| 73 CV 276-S | 6/11/73 |
| 73 CV 429-S | 8/17/73 |
| 73 CV 450-S | 8/30/73 |
| 73 CV 451-S | 8/30/73 |
| 73 CV 452-S | 8/30/73 |
| 73 CV 462-S | 9/6/73 |
| 73 CV 499-S | 10/10/73 |
| 73 CV 517-S | 10/24/73 |
| 73 CV 518-S | 10/25/73 |
| 73 CV 520-S | 10/26/73 |
| 73 CV 521-S | 10/29/73 |
| 73 CV 523-S | 10/30/73 |
| 73 CV 532-S | 11/5/73 |
| 73 CV 536-S | 11/8/73 |
| 73 CV 543-S | 11/12/73 |
| 73 CV 581-S | 11/26/73 |
| 73 CV 596-S | 11/30/73 |
| 73 CV 622-S | 12/14/73 |
| 74 CV 4-S | 1/3/74 |
| 74 CV 9-S | 1/4/74 |
| 74 CV 10-S | 1/4/74 |
| 74 CV 16-S | 1/7/74 |
| 74 CV 17-S | 1/7/74 |
| 74 CV 22-S | 1/10/74 |
| 74 CV 36-S | 1/16/74 |
| 74 CV 44-S | 1/22/74 |
| 74 CV 55-S | 1/28/74 |
| 74 CV 70-S | 1/31/74 |
| 74 CV 71-S | 1/31/74 |
| 74 CV 81-S | 2/6/74 |
| 74 CV 89-S | 2/12/74 |

| Case Number | Date Filed |
| --- | --- |
| 74 CV 98-S | 2/14/74 |
| 74 CV 99-S | 2/14/74 |
| 74 CV 101-S | 2/14/74 |
| 74 CV 113-S | 2/19/74 |
| 74 CV 114-S | 2/19/74 |
| 74 CV 133-S | 3/4/74 |
| 74 CV 138-S | 3/5/74 |
| 74 CV 140-S | 3/6/74 |
| 74 CV 188-S | 3/28/74 |
| 74 CV 205-S | 4/5/74 |
| 74 CV 216-S | 4/11/74 |
| 74 CV 217-S | 4/11/74 |
| 74 CV 241-S | 4/23/74 |
| 74 CV 257-S | 4/30/74 |
| 74 CV 228-S | 4/17/74 |
| 74 CV 222-S | 5/7/74 |
| 75 CV 182-S | 4/25/75 |
| 75 CV 125-W | 2/18/75 |
| 75 CV 144-W | 2/25/75 |
| 75 CV 157-W | 2/27/75 |
| 75 CV 169-W | 3/5/75 |
| 75 CV 177-W | 3/12/75 |
| 75 CV 309-W | 5/6/75 |
| 75 CV 416-W | 6/18/75 |
| 75 CV 157-C | 7/16/75 |
| 75 CV 165-C | 8/7/75 |
| 75 CV 186-C | 8/26/75 |
| 75 CV 187-C | 8/26/75 |
| 75 CV 189-C | 9/4/75 |
| 76 CV 7-C | 1/26/76 |
| 76 CV 14-C | 2/10/76 |
| 76 CV 30-C | 3/4/76 |
| 76 CV 31-C | 3/4/76 |
| 76 CV 49-C | 4/2/76 |
| 76 CV 77-C | 5/4/76 |
| 76 CV 81-C | 5/10/76 |
| 76 CV 82-C | 5/10/76 |
| 76 CV 223-W | 4/8/76 |
| 75 CV 498-W | 7/28/75 |
| 76 CV 328 W-4-R | 6/4/76 |
| 76 CV 95-C | 5/20/76 |
| 76 CV 99-C | 5/27/76 |
| 76 CV 100-C | 6/1/75 |
| 76 CV 101 | 6/1/76 |
| 76 CV 102 | 6/1/76 |
| 76 CV 103 | 6/1/76 |
| 76 CV 120-C | 6/21/76 |
| 76 CV 122-C | 6/22/76 |
| 76 CV 129-C | 6/28/76 |
| 76 CV 133-C | 6/28/76 |
| 76 CV 135-C | 7/2/76 |
| 76 CV 139-C | 7/7/76 |
| 76 CV 147-C | 7/15/76 |

Examination of these cases, contrary to the gloss Mr. Green places on them, reveals that Mr. Green has a consistent litigation history of having his claims found to be without merit. Further, through impatience or for other reasons Mr. Green frequently fails to recall what questions he has previously presented or what cases he has pending and proliferates litigation as a result.

Based on this Court's judicial notice of its Western District of Missouri's docket of Mr. Green's prior and present litigation, the questions he has raised, and the judicial disposition thereof, it is clear that he has in the past and is in the present engaging in a clear gross abuse of the legal process, all to

the serious and substantial detriment of the judicial system and to other litigants who have a genuine need to present their matters to the Court for appropriate action and decision.

Turning to Clovis Carl Green, Jr.'s civil litigation in Courts other than the United States District Court, Western District of Missouri, the below incomplete list suggests the volume:

### In The United States District Court at Topeka, Kansas

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 2/28/72 | Motion to Vacate | Dismissed | 3/6/72 |
| 7/7/72 | Habeas Corpus | Dismissed | 7/17/72 |
| 7/28/72 | Civil Rights | Denied Relief | 8/14/72 |
| 12/8/72 | Motion to Vacate | Dismissed | 1/10/73 |
| 3/15/73 | Federal Tort Claim | Dismissed | 6/2/75 |
| 4/4/73 | Motion to Vacate | Denied | 6/11/73 |
| 8/21/73 | Motion to Vacate | Denied | 8/31/73 |
| 2/27/74 | Habeas Corpus | Dismissed | 3/20/74 |

### In the United States District Court Duluth, Minnesota

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 10/26/72 | Habeas Corpus | Dismissed | 8/22/75 |
| 10/26/72 | Habeas Corpus | Dismissed | 8/22/75 |
| 1/3/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Civil Rights | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 1/15/73 | Habeas Corpus | Dismissed | 3/5/73 |
| 2/6/73 | Habeas Corpus | Dismissed | 8/22/75 |
| 3/14/73 | Habeas Corpus | Dismissed | 8/22/75 |
| 4/24/73 | Habeas Corpus, Mandamus | Dismissed | 8/22/75 |

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 5/8/73 | Civil Rights | Dismissed | 8/22/75 |
| 7/24/73 | Mandamus | Dismissed | 8/22/75 |
| 7/24/73 | Mandamus | Dismissed | 8/22/75 |
| 7/24/73 | Mandamus | Dismissed | 8/22/75 |
| 7/31/73 | Mandamus | Dismissed | 8/22/75 |
| 9/21/73 | Mandamus, Civil Rights | Dismissed | 8/22/75 |
| 3/7/74 | Civil Rights | Dismissed | 3/7/74 |
| 2/12/74 | Writ of mandamus | Petition Denied | 2/12/74 |

In The United States District Court
Eastern District of Missouri (St. Louis)

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 10/14/75 | Civil Rights | Dismissed | 2/24/76 |
| 10/28/75 | Habeas Corpus | Dismissed | 10/29/75 |
| 10/30/75 | 42 U.S.C. § 1983 and § 1985 | Motion Dismissed | 12/9/75 |
| 11/6/75 | Declaratory and Injunctive Relief | Dismissed | 11/7/75 |
| 12/23/75 | Civil Rights | Dismissed | 1/14/76 |
| 1/8/76 | Declaratory and Injunctive Relief, mandamus | Leave to file in forma pauperis denied | 1/8/76 |
| 4/14/76 | Mandamus | Pending | -- |
| 4/5/76 | Habeas Corpus | Transferred to WD/Missouri | 4/7/76 |
| 4/22/76 | Mandamus | Motion of defendant to dismiss granted | 6/2/76 |
| 5/12/76 | Declaratory and Injunctive Relief, Mandamus | Dismissed | 5/12/76 |
| 5--/76 | Habeas Corpus | Pending | -- |

| Filing Date | Type of Action | Result and Date Thereof | |
| --- | --- | --- | --- |
| 5/20/76 | Habeas Corpus | Dismissed | 5/21/76 |
| 5/28/76 | Declaratory and Injunctive Relief, Mandamus | Pending | -- |
| 6/15/76 | Mandamus | Pending | -- |

### In the United States District Court
### Oklahoma City, Oklahoma

| Filing Date | Type of Action | Result and Date Thereof | |
| --- | --- | --- | --- |
| 4/10/73 | Declaratory and Injunctive Relief, Mandamus, in nature of Class Action | Denied and Dismissed | 4/25/73 |

### In the United States District Court
### Denver, Colorado

| Filing Date | Type of Action | Result and Date Thereof | |
| --- | --- | --- | --- |
| 8/30/71 | Petition for writ of habeas corpus | Petition Denied 8/30/71 | |
| 4/20/76 | Violation of civil rights, 42 U.S.C. § 1983 | Pending | -- |

### In the United States Circuit Court
### of Appeals - Tenth Circuit at
### Denver, Colorado

| Filing Date | Type of Action | Result and Date Thereof | |
| --- | --- | --- | --- |
| 5/4/72 | Appeal from D/KA | Affirmed | 10/27/72 |
| 11/3/72 | Green sued bonding company | Civil action affirmed | 3/14/73 |
| 12/8/72 | Civil § 2255 | Affirmed | 7/19/73 |
| 3/29/73 | Civil § 2255 | Affirmed | 7/19/73 |
| 8/1/73 | Civil § 2255 | Affirmed | 4/5/74 |

### United States Circuit Court of Appeals
### Eighth Circuit, St. Louis, Missouri

Mr. Green has filed in excess of 20 cases since January 1, 1975. These cases are not listed specifically as the Eighth Circuit Court of Appeals is well aware of its own docket of Mr. Green's cases and the history of Mr. Green's negative results in those cases.

Mr. Green also has a substantial history of civil litigation in the state courts of

Missouri. He is presently incarcerated at the state penitentiary at Jefferson City, Missouri, as a result of a ten year state court sentence following his plea of guilty in the state court to a charge of forcible rape. In only a very few of his cases has he endeavored to attack that conviction which had been upheld on all such attacks.

### State Circuit Court at Jefferson City, Missouri

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 7/21/76 | Habeas Corpus | Writ Denied | 7/21/75 |
| 8/4/75 | Declaratory Judgment | Dismissed | 3/16/76 |
| 8/11/75 | Injunction and Declaratory Judgment | Motion to Dismiss Sustained | 10/22/75 |
| 9/2/75 | Declaratory Judgment | Motion to Dismiss Sustained | 2/11/76 |
| 9/2/75 | Declaratory Judgment | Dismissed | 2/11/76 |
| 9/17/75 | Habeas Corpus | Motion Dismissed | 2/11/76 |
| 9/26/75 | Habeas Corpus | Writ denied | 9/26/75 |
| 10/7/75 | Mandamus | Motion Dismissed | 2/11/76 |
| 10/14/75 | Mandamus and Declaratory Judgment | Motion Dismissed | 2/11/76 |
| 10/29/75 | Habeas Corpus | Writ denied | 10/29/75 |
| 11/5/75 | Damages: Civil Rights | Pending | -- |
| 11/5/75 | Declaratory Judgment | Dismissed | 2/11/76 |
| 11/17/75 | Declaratory Judgment | Dismissed | 2/11/76 |
| 11/20/75 | Complaint | Dismissed | 11/25/75 |
| 11/20/75 | Declaratory Judgment | Dismissed | 2/11/76 |
| 11/20/75 | Habeas Corpus | Writ denied | 11/20/75 |
| 1/5/76 | Declaratory Judgment | Dismissed | 1/14/76 |
| 1/5/76 | "Quo warranto" | Dismissed | 1/6/76 |
| 4/27/76 | Injunction and Declaratory Judgment | Pending | -- |

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 5/7/76 | Habeas Corpus | Denied | 5/10/76 |
| 5/26/76 | Habeas Corpus | Denied | 5/26/76 |

### State Circuit Court at Kansas City,[4] Missouri

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 8/15/75 | Habeas Corpus | Dismissed | 10/29/75 |
| 1/19/76 | Habeas Corpus | Dismissed | 1/23/76 |

### State Circuit Court at Springfield, Missouri

| Filing Date | Type of Action | Result and Date Thereof | |
|---|---|---|---|
| 5/2/76 | Mandamus | Pending | -- |

### The Supreme Court of Missouri, Jefferson City, Missouri

| Filing Date | Type of Action | Date and Result Thereof | |
|---|---|---|---|
| 3/13/75 | Habeas Corpus | Denied | 3/31/75 |
| 3/20/75 | Habeas Corpus | Denied | 3/31/75 |
| 4/28/75 | Habeas Corpus | Denied | 5/12/75 |
| 6/30/75 | Habeas Corpus | Denied | 7/14/75 |
| 9/3/75 | Declaratory and Injunctive Relief | Denied | 10/13/75 |
| 10/9/75 | Mandamus | Denied | 11/10/75 |
| 10/9/75 | Habeas Corpus; Mandamus | Denied | 11/10/75 |
| 11/12/75 | Mandamus | Denied | 12/8/75 |
| 11/14/75 | Habeas Corpus | Denied | 12/8/75 |
| 12/3/75 | Declaratory and Injunctive Relief; Mandamus, etc. | Denied | 1/12/76 |

4. The State Circuit Court at Kansas City for docket control purposes, has included under one case number (C–45566) a large number of items that ordinarily would be assigned separate case numbers. Thus, the number of cases filed (2) gives no accurate indication of the flood of matters Mr. Green has filed and raised in that state trial court.

| Filing Date | Type of Action | Date and Result Thereof | |
|---|---|---|---|
| 2/18/76 | Habeas Corpus, etc. | Denied | 3/8/76 |
| 2/18/76 | Habeas Corpus, etc. | Denied | 3/8/76 |
| 4/2/76 | Mandamus | Denied | 4/14/76 |
| 5/3/76 | Habeas Corpus | Denied | 6/14/76 |
| 5/3/76 | Petition for Declaratory and Injunctive Relief; mandamus | Denied | 6/14/76 |
| 5/3/76 | Petition for Declaratory and Injunctive Relief; Mandamus | Denied | 6/14/76 |
| 6/1/76 | Habeas corpus; Declaratory and Injunctive Relief; Mandamus | Denied | 6/14/76 |

The Missouri Court of Appeals at
Kansas City, Missouri

| Filing Date | Type of Action | Date and Result Thereof | |
|---|---|---|---|
| 2/26/75 | Habeas Corpus | Denied | 2/26/75 |
| 3/20/75 | Habeas Corpus | Denied | 4/7/75 |
| 4/7/75 | Habeas Corpus | Denied | 4/7/75 |
| 7/10/75 | Habeas Corpus | Denied | 7/16/75 |
| 9/17/75 | Mandamus | Denied | 9/24/75 |
| 10/1/75 | Mandamus | Denied | 10/1/75 |
| 10/1/75 | Mandamus | Denied | 10/2/75 |
| 10/20/75 | Mandamus | Denied | 10/20/75 |
| 10/31/75 | Mandamus | Denied | 10/31/75 |
| 10/31/75 | Mandamus | Denied | 10/31/75 |
| 11/4/75 | Habeas Corpus | Denied | 11/10/75 |
| 11/6/75 | Mandamus | Denied | 11/10/75 |
| 11/25/75 | Mandamus | Denied | 11/21/75 (sic) |
| 12/2/75 | Mandamus | Denied | 12/2/75 |

| Filing Date | Type of Action | Date and Result Thereof | |
| --- | --- | --- | --- |
| 1/21/76 | Mandamus | Denied | 1/21/76 |
| 2/4/76 | 27.26 | Pending | -- |
| 3/25/76 | Mandamus | Denied | 3/25/76 |
| 4/5/76 | Mandamus | Denied | 4/5/76 |
| 5/3/76 | Habeas Corpus | Denied | 5/14/76 |
| 5/3/76 | Mandamus | Denied | 5/5/76 |
| 5/3/76 | Habeas Corpus | Denied | 5/3/76 |

Thus, in addition to the 92 cases Mr. Green has filed in the United States District Court, Western District of Missouri, he has filed at least an additional 47 cases in other United States District Courts, and an additional 24 civil cases in the trial courts of the State of Missouri.

Mr. Green's federal appellate court record (8th and 10th Circuits) shows that he has filed a total of at least 25 appellate court cases. His state appellate court record reveals he has filed at least 38 cases in the appellate courts of the State of Missouri with unsuccessful results.

In summary, Clovis Carl Green, Jr., has filed on his own behalf a total of 219 civil cases, in the trial and appellate courts in a comparatively brief period of time and is continuing to file such cases at an accelerated rate. A fair and realistic overview of these cases and Mr. Green's singular lack of success in carrying the burden of showing they are meritorious inescapably brings the conclusion that Clovis Carl Green, Jr., indeed does have a continuing history of engaging in a gross abuse of the judicial process which is impeding the ability of the Judiciary to carry out its proper functions. Unless the Courts of this nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil docket of cases filed by other litigants who may have meritorious matters.[5] The

5. Mr. Green also is a very prolific writ writer ostensibly for other inmates. While figures are not presently available as to the exact extent of the volume of his writ writing for other inmates, it is readily apparent from examination of a sample of those cases that Mr. Green is not necessarily presenting the claim, if any, of the particular inmate. Rather, he tends to present his own matters, charges and ideas. In view of this and of his lengthy record of non-success, inmates would be well advised to consider the use of other inmate writ writers, if desired; or to ask the Court to appoint a qualified attorney where needed. Below is an example of Mr. Green's solicitation of writ writing business received by the Clerk of the United States District Court, Western District of Missouri on July 27, 1976:

"Dear Sir,

"I am the law clerk for Administrative Segregation unit. The following [six] prisoners desire to file petitions for writs of habeas corpus, and in addition, want to file civil rights complaints for money damages in the federal court here. You can send me the necessary copies of all of the forms necessary for each man to send both writs in, or else send each man their copy. I am sending you one letter in order to save postage stamps in each man writing to you— since each man will give me the forms anyway for them to use.

 \* \* \* \* \* \*

"Please send these civil rights forms and the habeas corpus forms for each man as soon as possible, or send me the entire sets for all of these men in Administrative Segregation."

 (Signed) "Clovis Carl Green, Jr."

time clearly has come to take appropriate action to the end that Clovis Carl Green, Jr.'s history of intentional and gross abuse of the judicial process is terminated.

For the reasons stated above, it is therefore

ORDERED that the form complaint filed by plaintiff in this cause on July 26, 1976, be, and the same is hereby, stricken from the record in this cause as a nonresponsive pleading to the Court's prior Order of July 19, 1976, and it is further

ORDERED that plaintiff be, and is hereby, denied leave to proceed in forma pauperis with the above-styled cause, and it is further

ORDERED that the above-styled cause be, and the same is hereby, dismissed without prejudice with leave granted to plaintiff to refile this action properly on the forms.