651 F.2d 970
 Chester F. FLINT, Jr., Appellant,
v.
Lloyd E. HAYNES, Warden, Huttonsville Correctional Center
and Arthur L. McKenzie, Warden, West Virginia
State Penitentiary, Appellees.
Rodney Allen STOVER, Appellant,
v.
Sgt. William CARTER, a Correctional Officer at Huttonsville
Correctional Center, Appellee.
Richard Earl MARKS, Appellant,
v.
Calvin A. CALENDINE, Commissioner, et al, Appellees.
 Nos. 78-6354, 78-6378, 79-6802.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 4, 1981.
Decided June 19, 1981.
 
 Christopher L. Varner, Chicago, Ill. (Jerold S. Solovy, Jenner & Block, Chicago, Ill., on brief), for appellant.
 S. Clark Woodroe, Asst. Atty. Gen., Charleston, W.Va. (Chauncey H. Browning, Atty. Gen., Charleston, W.Va., on brief), for appellees.
 Before HALL and SPROUSE, Circuit Judges, and RAMSEY,* District Judge.
 K. K. HALL, Circuit Judge:
 
 
 1
 This is a consolidated appeal from three separate inmate civil rights actions brought pursuant to 42 U.S.C. § 1983 in which judgment was entered for the defendants and costs were assessed against the plaintiffs. The only issue presented for review is whether the district court may assess costs against civil rights litigants who have been granted leave to proceed in forma pauperis.[1] We find that 28 U.S.C. § 1915 authorizes the assessment of costs; accordingly, we affirm the judgments below.
 
 
 2
 In Marks v. Calendine, the plaintiff brought suit against two correctional officers of the West Virginia Penitentiary claiming that for eight years the state had denied him free clothing and toilet articles. Marks' supplemental complaint alleged the defendants had confiscated clothing that he had purchased with private funds. The plaintiff's application for leave to proceed in forma pauperis was granted and the court, sua sponte, appointed counsel. In a trial by jury, all the substantive issues were resolved in the defendants' favor. Pursuant to the defendants' request, the Clerk taxed costs against the plaintiff under Fed.R.Civ.Pro. 54(d). The district court stayed the action of the Clerk pending its review of whether such taxation was permissible. Subsequently, the court issued an opinion and order taxing costs against Marks in the amount of $289.00. Marks v. Calendine, 80 F.R.D. 24 (N.D.W.V.1978).[2]
 
 
 3
 In Flint v. Haynes, the plaintiff brought suit against the wardens of the Huttonsville Correctional Center and the West Virginia State Penitentiary alleging that he had been put in isolated confinement without procedural due process. Flint's motion for leave to proceed in forma pauperis was granted and the district court appointed counsel sua sponte. The case was tried before a jury, and a general verdict for the defendants was returned. The court entered judgment for the defendants and assessed costs against Flint based on its decision in Marks v. Calendine.[3]
 
 
 4
 In Stover v. Carter, the plaintiff's § 1983 complaint alleged that he had been assaulted by two correctional officers from the Huttonsville Correctional Center. The claim against one of the officers was dismissed prior to trial. Conflicting testimony concerning the alleged assault was presented to the jury, which returned a verdict for the defendant. Judgment was entered and costs were assessed against Stover based on the decision in Marks v. Calendine.[4]
 
 
 5
 We begin our inquiry with an examination of 28 U.S.C. § 1915(a) and (e) which provide:
 
 
 6
 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
 
 
 7
 (e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the costs of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.
 
 
 8
 The use of the word "prepayment" in subsection (a) indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation. By permitting the court to enter judgment for costs "as in other cases," subsection (e) evinces a congressional intent that litigants may eventually be liable for costs. It is clear that § 1915 contemplates the postponement of fees and costs for litigants who are granted in forma pauperis status.[5]
 
 
 9
 Thus we find a district court is empowered to award costs even when it has previously granted a litigant the benefits of § 1915(a). We reached the same result in Perkins v. Cingliano, 296 F.2d 567, 569 (4th Cir. 1961) in which we held "(s)ection 1915(e) is too plain to leave any room for doubt, and completely disposes of the petitioner's contention that costs may not be adjudged against him." Accord, Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972); Pasquarella v. Santos, 416 F.2d 436 (1st Cir. 1969); Fletcher v. Young, 222 F.2d 222 (4th Cir.), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802 (1955); Moss v. Ward, 434 F.Supp. 69 (S.D.N.Y.1977); Carter v. Telectron, Inc., 452 F.Supp. 939 (S.D.Tex.1976).
 
 
 10
 The appellants contend that costs should be assessed against civil rights litigants only in exceptional cases where the claim is frivolous, malicious or utterly without foundation.[6] They rely primarily on the Hughes v. Rowe, --- U.S. ----, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) and Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) standards for awarding attorneys' fees to prevailing defendants under federal statutes.[7]
 
 
 11
 We are not persuaded that the same standards ought to apply to the taxation of costs. Generally, in the absence of a statutory provision to the contrary, litigants must pay their own attorney's fees, Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In contrast, costs are assessed against the unsuccessful litigant as a matter of course. There is a strong historical basis for applying different standards to the taxation of costs and the award of attorney's fees. Moreover, if we were to limit the taxation of costs against in forma pauperis litigants as the appellants suggest, we would have to ignore the language of § 1915(e) which permits judgments for costs "as in other cases." The assessment of costs in other cases is generally controlled by Fed.R.Civ.Pro. 54(d) which provides:
 
 
 12
 (d) Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ....
 
 
 13
 According to this rule, the taxation of costs is a matter left to the sound discretion of the district court which we will not disturb absent a showing of an abuse of discretion. Farmer v. Arabian American Oil Company, 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). Upon a careful review of the records in this appeal, we find no abuse of discretion in the assessment of costs against each of the appellants.[8]
 
 
 14
 Finally, the appellants argue that in order to insure that indigent civil rights litigants have access to the courts to redress their grievances, costs should rarely be assessed in these circumstances. However, when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually "nothing to lose and everything to gain,"[9] and the purpose of § 1915 equal access for the poor and the rich is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is "worth it."[10] We see no reason to treat indigents differently in this respect.
 
 
 15
 We are not unmindful of our duty to provide equal access to the courts for all persons. We have established procedures to assist the uncounselled,[11] the legally unsophisticated,[12] and the impoverished[13] litigant who seeks relief in our courts. Yet we must also take steps to make certain that meaningful access to the courts remains available and equal. Various means of accomplishing these goals have been developed. Some courts have established a system of partial payment of court costs. In re Stump, 449 F.2d 1297 (1st Cir. 1971); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex.1977).[14] We have joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness. Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977). See Conway v. Oliver, 429 F.2d 1307 (9th Cir. 1970); Willard v. United States, 422 F.2d 810 (5th Cir. 1970); Carter v. Telectron, Inc., 452 F.Supp. 944 (S.D.Tex.1977); Green v. Garrott, 71 F.R.D. 680 (W.D.Mo.1976). The district court's "extremely broad" discretion to dismiss under § 1915(d) has generally been recognized as a means of allowing the court to exercise some control over its docket by removing frivolous or malicious cases. Boyce v. Alizaduh, 595 F.2d 948, 951 (4th Cir. 1979).
 
 
 16
 We find that the district court's decision to tax costs pursuant to § 1915(e) is a reasonable alternative which serves to assure that litigants will be required to assess the relative merits and risks of litigation before they proceed. Accordingly, the judgments of the district court insofar as they assess costs against the appellants are affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Norman P. Ramsey, United States District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 Another panel of this court recently affirmed the jury's verdict for the defendants in Flint's § 1983 action, Flint v. Haynes, No. 80-6354 (4th Cir. May 27, 1981). Stover and Marks have only appealed that portion of the district court judgments in which costs are assessed
 
 
 [2]
 When Marks filed his § 1983 action he had a disposable monthly income of $20.00. The record before us does not indicate his present income. Marks' funds have periodically been seized as the defendants have executed on their judgment
 
 
 [3]
 The clerk taxed costs of $15.00 for filing the complaint plus the marshal's service of process fees. When Flint filed his complaint he had no income or assets. The record does not reveal what, if any, income he may now have
 
 
 [4]
 Stover was assessed costs for the $15.00 filing fee and the marshal's service of process fees. When Stover filed suit he had $7.29 of assets. The record does not show what assets he now has
 
 
 [5]
 We are cognizant of dicta in cases which characterize the grant of in forma pauperis status as a shield of immunity from costs. Boyce v. Alizaduh, 595 F.2d 948, 951 n. 6 (4th Cir. 1979) (quoting Jones v. Bales, 58 F.R.D. 453, 463 (N.D.Ga.1972), aff'd per curiam, 480 F.2d 805 (5th Cir. 1973)); O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904). However, we adopt the district court's reasoning that references to immunity from costs apparently "indicate the inability of a court or prevailing party to enforce a judgment against one who has no money rather than indicating any shield erected by the grant of in forma pauperis status." 80 F.R.D. at 28
 Further we recognize that a court, consistent with the discretion vested in it by § 1915(e), may choose not to tax costs against an indigent.
 
 
 [6]
 In conjunction with this argument the appellants contend costs should be assessed only when there has been a dismissal under § 1915(d). We find no merit in this argument. There is nothing in the statute or its legislative history which indicates any intent to make a dismissal under § 1915(d) the prerequisite to the taxation of costs
 
 
 [7]
 42 U.S.C. § 1988 in pertinent part provides:
 (i)n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs.
 In Hughes, 101 S.Ct. at 178, the Court held the Christiansburg standard for awarding attorneys' fees under Title VII of the Civil Rights Act of 1964 was equally applicable to a civil rights action under § 1983.
 
 
 [8]
 In Marks v. Calendine, 80 F.R.D. 24, 31 (N.D.W.V.1978) the court specifically found the plaintiff's claim was completely lacking in merit and was brought as a vehicle for harassment. These findings are not required by § 1915(e) and, as we discuss in the text of this opinion, the assessment of costs need not be limited to such cases
 
 
 [9]
 Jones v. Bales, 58 F.R.D. 453, 463 (N.D.Ga.1972), aff'd per curiam, 480 F.2d 805 (5th Cir. 1973)
 
 
 [10]
 Carroll v. United States, 320 F.Supp. 581, 582 (S.D.Tex.1970)
 
 
 [11]
 Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975) (counsel will be appointed in exceptional cases). Also § 1915(d) provides "the court may request an attorney to represent any such person unable to employ counsel ...."
 
 
 [12]
 Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978) (pro se pleadings to be liberally construed)
 
 
 [13]
 Boyce v. Alizaduh, 595 F.2d 948, 950-51 (4th Cir. 1979) (only the affiant's economic condition may be considered in determining whether to grant leave to proceed in forma pauperis)
 
 
 [14]
 A system of partial payment of court costs which was established in the Eastern District of North Carolina was recently challenged in this court. Evans v. Croom, 650 F.2d 521 (4th Cir. 1981)