Willie HARRIS, Plaintiff-Appellant,

v.

T.J. FORSYTH and F. Christensen,
Defendants-Appellees.

No. 83–3394
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 14, 1984.

Willie Harris, pro se.

Charles T. Collette, Jim Smith, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

■ Appellant, Willie Harris, proceeded in forma pauperis in his appeal from a summary judgment in his § 1983 action. A panel of this court affirmed the district court's dismissal on summary judgment. *See Harris v. Forsyth*, 735 F.2d 1235 (11th Cir.1984). Subsequently, appellees timely filed a bill of costs requesting the entry of an order taxing costs in the amount of $38. On June 20, 1984, appellees' request was returned from the clerk's office unacted upon. An accompanying form contained the following explanatory postscript:

> In an appeal that this court affirms, costs cannot be recovered form [sic] an appellant proceeding in forma pauperis.

On June 28, 1984, appellees filed a motion for reconsideration of their request for costs. The issue presented here is whether costs can be assessed pursuant to Fed.R. App.P. 39(a) against an unsuccessful appellant proceeding in forma pauperis.

No case has been found which has awarded costs under Rule 39(a) against an appellant proceeding in forma pauperis. At least one appellate court, however, has upheld a district court's award of costs under Fed.R.Civ.P. 54(d) under the abuse of discretion standard of review. *See Flint v. Haynes*, 651 F.2d 970 (4th Cir.1981). The *Flint* court relied upon its examination of 28 U.S.C. § 1915(a) and (e). Subsection (a) provides that "Any court of the United

States may authorize the commencement ... of any suit ... or appeal therein, without prepayment of fees and costs...." Subsection (e) provides that "Judgment may be rendered for costs at the conclusion of the suit or action as in other cases...." The court reasoned that

> [t]he use of the word "prepayment" in subsection (a) indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with the litigation. By permitting the court to enter judgment for costs "as in other cases," subsection (e) evinces a congressional intent that litigants may eventually be liable for costs. It is clear that section 1915 contemplates the postponement of fees and costs for litigants who are granted *in forma pauperis* status.

651 F.2d at 972 (footnote omitted). Because the statute refers to "any suit ... or appeal," 28 U.S.C. § 1915(a) (emp. added), it would seem that the *Flint* court's reasoning would apply with equal force to costs under Rule 39(a), and we so hold.

■ However, we disagree with appellees' contention that costs *must* be assessed against Harris. The decision to enter judgment for costs is clearly discretionary. Indeed, the *Flint* court expressly acknowledged that "a court, consistent with the discretion vested in it by section 1915(e), may choose not to tax costs against an indigent." 651 F.2d at 972 n. 5. Thus, even though costs may be assessed against an indigent, it would, nonetheless, be within our discretion to deny appellees' motion to tax costs.

■ Having determined that the award of costs of appeal against an indigent is within the appellate court's sound discretion, we must now articulate some standard to guide this exercise of discretion. In our view, an appellate court's discretion to award costs against an indigent should not be limited to frivolous appeals. We reach

this conclusion for two reasons. First, leave to proceed in forma pauperis on appeal will be denied if the appeal is not brought in good faith. 28 U.S.C. § 1915(a). Thus, if we were to award costs only in cases where the appeal was utterly lacking in merit or brought in bad faith,[1] our holding that costs may be taxed against indigents would be greatly undermined: only in those instances in which the court declined to certify that the appeal is not taken in good faith and the appeal in fact turned out to be frivolous would costs be recoverable. Second, as the Fourth Circuit explained,

> when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually "nothing to lose and everything to gain," [ ] and the purpose of § 1915—equal access for the poor and the rich—is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is "worth it." [ ] We see no reason to treat indigents differently in this respect.

*Flint, supra,* 651 F.2d at 973 (footnotes omitted). We therefore hold that a court has discretion to award costs against indigents "as in other cases." 28 U.S.C. § 1915(e).

■ Applying these principles to the instant case, we conclude that appellees' motion to tax costs in the amount of $38 for printing ten copies of appellees' brief at $.20 per page should be granted. Rule 39(c) states that the costs of all "necessary copies of briefs" shall be taxable. The question becomes, then, whether ten copies are "necessary" within the meaning of 39(c). Although Local Rule 22(e) requires that only seven copies of briefs be filed, 11th Cir. Rule 22(e), Local Rule 28 permits costs for up to 15 briefs to be taxed, 11th Cir. Rule 28. It would seem that, in addition to the seven copies that must be filed, appellees would need to keep some copies for themselves. Therefore, the cost of

---

1. *Cf. Marks v. Calendine,* 80 F.R.D. 24, 31 (N.D. W.V.1978) (awarding costs under 54(b) after finding that plaintiff's suit completely lacking in merit and brought only to harass defendant).

printing ten briefs at $.20 per page is allowable as costs under Rule 39(c).

Appellees' motion to tax costs is GRANTED.

SO ORDERED.