815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derek A. FARMER, Plaintiff-Appellant,
v.
Ronald C. MARSHALL, Defendant-Appellee.
 No. 86-3898.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1987.
 
 Before JONES, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Appellant has also moved for a stay of an order of garnishment executed by the district court. Upon examination of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant, an inmate at the Southern Ohio Correctional Institution in Lucasville, Ohio, seeks review of a judgment of the district court which assessed attorneys fees against him in the amount of $500.00. That action was taken upon appellant's having previously filed a pro se civil rights complaint pursuant to 42 U.S.C. Sec. 1983 in which he claimed a denial of access to the courts due to appellee's having refused him use of a stapler to attach legal correspondence. The district court, however, concluded that the claim was frivolous and therefore subject to dismissal under 28 U.S.C. Sec. 1915(d). Upon this Court's affirmance of that result, appellee filed a motion for attorneys fees in the district court. By judgment entered July 18, 1986, the district court granted that request and ordered appellant to pay attorneys fees in the amount of $500.00. Appellant thereafter filed this appeal.
 
 
 3
 Although it is an extreme measure to be employed only under exceptional circumstances, the award of attorneys fees against a pro se plaintiff in a civil rights action filed in forma pauperis is not wholly unauthorized. Specifically, a court may properly resort to that remedy if it is able to conclude both that the action was subject to dismissal without the necessity of a trial and, more importantly, that the claims raised therein were so insubstantial as to be unreasonable, groundless or without foundation. Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (per curiam). See also Harris v. Forsyth, 742 F.2d 1277 (11th Cir.1984); Flint v. Haynes, 651 F.2d 970 (4th Cir.1981), cert. denied, 454 U.S. 1151 (1982).
 
 
 4
 Application of that standard to the facts of this appeal indicates that the district court did not err in assessing attorneys fees against appellant. The district court initially dismissed appellant's original civil rights action on the basis of its conclusion that the claim was frivolous pursuant to 28 U.S.C. Sec. 1915(d), a finding which this Court subsequently upheld on appeal. Likewise, this Court was in essential agreement with the district court's determination that appellant's civil rights action was groundless and without foundation as appellant, a prolific litigator in the federal courts, could not cite one instance in which his inability to use a stapler resulted in the denial of access to the courts. Accordingly, the district court, in evaluating appellee's motion for attorneys fees, was justified in its finding that appellant's original civil rights action was "... unreasonable, without foundation, vexatious and brought in bad faith solely for the purpose of harassment." Consequently, the conditions giving rise to the imposition of attorneys fees delineated in Hughes, 449 U.S. at 14-15, were present and the district court did not err in making such an award in this case.
 
 
 5
 The questions on which this case depends are so unsubstantial as not to require further argument. Rule 9(b)(5), Rules of the Sixth Circuit. Therefore, the motion for a stay is hereby denied and the district court's final judgment entered July 18, 1986, is hereby affirmed.