986 F.2d 1414
 24 Fed.R.Serv.3d 1484
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda LEPORE, Plaintiff-Appellant,
v.
Kurt RAMSEY; Donald Alexander; Westinghouse Electric
Corporation, Defendants-Appellees.
 No. 92-1644.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 8, 1992
Decided: February 23, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-2037-JH)
 Andre R. Weitzman, Baltimore, Maryland; Patrick A. O'Doherty, Baltimore, Maryland, for Appellant.
 Leonard E. Cohen, Ann L. Lamdin, Piper & Marbury, Baltimore, Maryland; Charles M. Kerr, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Linda LePore appeals a district court order denying her motion for review of the clerk's decision taxing costs against her after the conclusion of her civil suit in federal court. LePore contends that because there are claims pending in state court, there is no prevailing party in the action and costs cannot be taxed. Further, LePore contends that the district court abused its discretion in assessing the cost of certain depositions. Because LePore's contentions are without merit, we affirm.
 
 
 2
 LePore sued Westinghouse Electric Corporation, Donald Alexander, and Kurt Ramsey (Appellees) in Maryland state court for intentional infliction of emotional distress, defamation, and invasion of privacy. Appellees removed the case to federal court. The district court granted summary judgment in favor of the Appellees on the first two counts and remanded the third count to state court. Both parties appealed and this Court affirmed.
 
 
 3
 Appellees moved for costs for the district court litigation pursuant to Fed. R. Civ. P. 54(d). LePore opposed the taxing of costs. After the district court clerk taxed the costs to LePore, she moved for review of the clerk's order. The district court denied review. LePore appealed.
 
 
 4
 The district court is given wide discretion in the taxing of costs pursuant to Fed. R. Civ. P. 54(d), with its findings disturbed only where there is an abuse of discretion. Flint v. Haynes, 651 F.2d 970, 973 (4th Cir. 1981), cert. denied, 454 U.S. 1151 (1982).
 
 
 5
 LePore contends that Appellees are not entitled to costs because they are not "prevailing parties" for purposes of Fed. R. Civ. P. 54(d). This contention is based on the remand of one claim to state court.
 
 
 6
 LePore asserts that one part of the litigation is not yet resolved; therefore there is no final judgment.
 
 
 7
 Review of the clerk's decision taxing costs was properly denied by the district court because LePore's contentions are without merit. The litigation in federal court was complete, resulting in victory for the Appellees on all claims that were decided on their merits. The pending case in state court does not affect the finality of the federal litigation because the federal court no longer has jurisdiction over the remanded claim. See United States v. Rice, 327 U.S. 742, 751-52 (1946). Further, the Appellees' victory was more than a mere "technical" victory as LePore contends. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989). Because the litigation was complete and the Appellees were the prevailing party, the clerk properly taxed costs to Lepore and review of that order was properly denied.
 
 
 8
 LePore further contends that the Appellees' requests for reimbursement for copies of deposition transcripts were unreasonable and that the depositions were unnecessary. Because litigation is pending in state court and some of the witnesses in that suit will be the same as those deposed for the federal suit, LePore contends that the Appellees should not receive funds for the depositions because she would then be forced to subsidize her opponent's defense. LePore also contends that the Appellees should not have been permitted to obtain the copies of the depositions from the court reporter, but should have been required to take the depositions to a national photocopying chain to get a cheaper per page rate. LePore's final contention is that the depositions were for investigative purposes and not necessary for the Appellees' defense.
 
 
 9
 There is no evidence that the district court abused its discretion in taxing the deposition copies to LePore. The clerk may tax the cost of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. 28 U.S.C. § 1920 (1988); see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). The depositions taxed to LePore were necessarily used to support the Appellees' successful motion for summary judgment. There is no evidence that the cost to reproduce the depositions was unreasonable and there is no requirement that the Appellees seek the lowest price. Because there is statutory authority for the taxing of deposition costs and the depositions were necessary for the case, the clerk did not abuse its discretion in taxing the cost of the depositions to LePore.
 
 
 10
 LePore's final argument is that Ramsey's counsel, which was separate from that of the other Appellees, but was funded by Westinghouse, was not entitled to a separate copy of the depositions. Alternatively, LePore contends that if counsel was entitled to a copy, he should have been required to photocopy the deposition from the other Appellees' copy at a cheaper rate rather than obtaining the copy from the court reporter. These claims are meritless.
 
 
 11
 We granted Appellees' motion to submit the case on briefs because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. After review of the parties' briefs and the joint appendix, we affirm.
 
 AFFIRMED