Raymond Edward JAMES and Daniel Carlton Freeland

v.

J. Michael QUINLAN, Dir. Bureau of Prisons, Edwin M. Meese, III, U.S.A. Attorney General, James J. West, U.S. Attorney.

Appeal of Raymond Edward JAMES and Daniel Carlton Freeland.

No. 88–5582.

United States Court of Appeals, Third Circuit.

Sept. 19, 1989.

---

Before MANSMANN, HUTCHINSON and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### SUR REFUSAL TO TAX COSTS

HUTCHINSON, Circuit Judge.

We have before us appellees' objection to the Clerk of the Court's (Clerk's) refusal to tax costs against the appellants, who are proceeding *pro se* and have been granted *in forma pauperis* status by this Court. We conclude that this Court's longstanding policy of not imposing costs against *in forma pauperis* appellants when the United States or its officers are involved in the action conforms with the applicable law and will therefore deny appellees' motion.

### I.

Appellants Raymond Edward James (James) and Daniel Carlton Freeland (Freeland) brought suit in the United States District Court for the Middle District of Pennsylvania against J. Michael Quinlan, Director of the Bureau of Prisons, United States Attorney General Edwin M. Meese, III and Acting United States Attorney James J. West.[1] James and Freeland challenged the constitutionality of the Federal Bureau of Prisons' Inmate Financial Responsibility Program (IFRP) and argued that it was enacted in violation of the Administrative Procedures Act.[2] They proceeded *pro se* and the district court granted them *in forma pauperis* status. Their action was referred to a magistrate, who

recommended that it be dismissed as frivolous. The magistrate based his recommendation on two unpublished opinions of the United States District Court for the Middle District of Pennsylvania in which similar suits had been dismissed. The district court gave James and Freeland ten days to file objections to the magistrate's report, but declined to give them the slip opinions that the magistrate relied on. On May 26, 1988, after they had filed objections to the report, the district court dismissed James's and Freeland's complaint. In its accompanying memorandum opinion the district court also relied on the two unpublished opinions.

James and Freeland appealed, arguing both that the IFRP was unconstitutional and that the district court violated their due process rights by not providing them with the slip opinions. We affirmed the dismissal. *See James v. Quinlan*, 866 F.2d 627 (3d Cir.1989). A subsequent order dated January 30, 1989, prepared by the Clerk in the course of issuing the judgment for this case, stated that "Costs [are] taxed against the appellants." *See* Government's Motion for Reconsideration, Exhibit 1 (filed April 21, 1989).

On April 6, 1989, the government submitted a bill of costs to the Clerk's Office. By order dated April 17, 1989, the Clerk denied the bill of costs, stating that it should have been received in the Clerk's Office by February 13, 1989. The government moved for reconsideration, arguing that its bill of costs was timely filed because it had not received the January 30 order taxing costs against the appellants until March 31, 1989.[3] James and Freeland

---

**1.** We will refer to these three parties collectively as "the government."

**2.** The IFRP required inmates to work with prison staff to develop financial plans that would help them pay off their court-ordered obligations. Inmates who did not demonstrate financial responsibility could not get a Federal Prison Industries (UNICOR) job assignment and would not qualify for the enhanced pay such an assignment provides. James and Freeland contended that the program giving them a "choice" of either signing over 50% of their income and prison trust funds for outstanding financial obli-

gations or else losing their UNICOR jobs was not adopted in accordance with law. Alternately, they argued that even if proper procedures were followed in its adoption, it nevertheless deprived them of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**3.** Third Circuit Rule 20(2) states, in relevant part:

A bill of costs shall be filed within fourteen (14) days after the entry of judgment. Untimely bills of cost will be denied unless a

objected to the government's motion. They contended, among other things, that their *in forma pauperis* status precluded taxation of costs against them.

On May 11, 1989, the Clerk denied the government's motion for reconsideration, stating:

> The Clerk when preparing the judgment issued in this appeal taxed costs in error since it is this Court's consistent and longstanding policy not to tax costs in favor of, or against, the government when a party is proceeding *in forma pauperis.* Accordingly, an amended judgment deleting the costs will be issued ten (10) days from the date of this order.

The government submitted a motion, with a supporting memorandum, objecting to the denial of costs. That motion is now before us for disposition.

## II.

When a district court judgment is affirmed on appeal, costs are presumptively awarded to the winning party under Federal Rule of Appellate Procedure 39(a). It provides, in part:

> Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs *shall be taxed against the appellant unless otherwise ordered . . . .*

Fed.R.App.P. 39(a) (emphasis added). *See In re Penn Cent. Transp. Co.,* 630 F.2d 183, 189 (3d Cir.1980) (presumption is that prevailing party is entitled to costs). The government relies on Rule 39(a) to support its contention that costs should be taxed in its favor in this case. It argues that there is no rule or authority supporting this Court's policy of consistently declining to award costs for or against the United States in an *in forma pauperis* action. After reviewing the law, we disagree with the government.

The government's analysis is flawed because it overlooks the interaction between Federal Rule of Appellate Procedure 39(b)

and 28 U.S.C.A. § 1915. When the United States government is involved, Rule 39(b) and § 1915 combine to modify the general approach to appellate costs set out in Rule 39(a). Rule 39(b) controls whether costs should be awarded when the United States government is involved in an appeal. It reads:

> In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of [Rule 39(a)]; *otherwise, costs shall not be awarded for or against the United States.*

Fed.R.App.P. 39(b) (emphasis added).

Rule 39(b)'s prohibition against awarding costs *either for or against* the United States when such awards are not specifically authorized by law comes into play in conjunction with 28 U.S.C.A. § 1915, governing proceedings *in forma pauperis.* Subsections (a) and (e) of § 1915 provide, in relevant part:

> (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

> \*     \*     \*     \*     \*     \*

> (e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, *but the United States shall not be liable for any of the costs thus incurred.* If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

28 U.S.C.A. § 1915(a), (e) (West 1966) (emphasis added). Section 1915(e) explicitly states that "the United States shall not be

---

motion showing good cause is filed with the       bill.

liable for any of the costs" incurred in *in forma pauperis* appeals. This compels the conclusion that Rule 39(b) does not allow costs to be awarded either in favor of or against the United States in such appeals.

The Notes of the Advisory Committee on Appellate Rules point out that Rule 39(b) has a two-fold purpose. First, it retains sovereign or governmental immunity's blanket protection of the United States government and its agencies and officers against an award of appellate costs unless such an award is specifically authorized by law. Second, in the interest of fairness, it precludes the United States from pursuing appellate costs in such cases.

> [Rule 39(b)] appear[s] to be based on the view that if the United States is not subject to costs if it loses, it ought not be entitled to recover costs if it wins.
>
> ... [F]or these and all other cases in which the United States enjoys immunity from costs, the presently prevailing rule [is] that the United States may recover costs as the prevailing party only if it would have suffered them as the losing party.

Fed.R.App.P. 39 advisory committee's note, subdivision (b). The United States' sovereign immunity from an award of costs has since been extensively waived in civil cases, *see* 28 U.S.C.A. § 2412 (West Supp.1989). However, § 1915(e) leaves the government

fully protected against costs in *in forma pauperis* cases.

We recognize that several circuits have allowed costs in *in forma pauperis* cases that did not involve the United States government, at least when frivolous or malicious appeals were involved. *See Freeze v. Griffith,* 849 F.2d 172, 176 (5th Cir.1988) (per curiam); *Lay v. Anderson,* 837 F.2d 231, 232–33 (5th Cir.1988) (per curiam); *Galvan v. Cameron Mut. Ins. Co.,* 831 F.2d 804, 805–06 (8th Cir.1987) (per curiam) (assessing *double* costs against indigent for filing and appealing frivolous civil rights claim); *Harris v. Forsyth,* 742 F.2d 1277, 1278–79 (11th Cir.1984) (per curiam).[4] *Cf. In re McDonald,* —— U.S. ——, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam) (similar concerns about frivolous appeals and petitions led the Supreme Court to bar prospectively litigious prisoner from proceeding *in forma pauperis* when seeking extraordinary writs). None of these cases involved the United States or one of its agencies or officers. Under Rule 39(b), a different situation is presented when the United States is the party seeking costs.

There may indeed be no valid reason, from a practical standpoint, to make a distinction between the United States and other parties when deciding whether to assess costs against *in forma pauperis* appellants. Many of the same concerns about taxing costs that are important in the typical *in forma pauperis* appeal[5] also appear

---

**4.** As one such court has stated:

> "The use of the word 'prepayment' in subsection (a) indicates that Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation. By permitting the court to enter judgment for costs 'as in other cases,' subsection (e) evinces a congressional intent that litigants may eventually be liable for costs."

*Lay,* 837 F.2d at 232 (quoting *Flint v. Haynes,* 651 F.2d 970, 972 (4th Cir.1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982)). In *in forma pauperis* appeals where the United States government is not involved, this Court's policy also appears to allow an award of costs as a discretionary matter. Imposing a payment obligation after a case is over is not the same as requiring payment in advance. The latter may close the courts to paupers, arguably

in violation of constitutional law. *See Boddie v. Connecticut,* 401 U.S. 371, 382–83, 91 S.Ct. 780, 788–89, 28 L.Ed.2d 113 (1971); *but see In re McDonald,* —— U.S. ——, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).

**5.** There is genuine judicial concern about the perceived recent surge in *pro se* civil rights suits by *in forma pauperis* state prisoners. *See, e.g., Freeze,* 849 F.2d at 176 (the court warned the appellant that "further frivolous appeals will result in escalating sanctions"); *Lay,* 837 F.2d at 233 (four frivolous appeals led the court to believe that "an award of additional sanctions is necessary to force Lay to conform to acceptable standards in approaching this court"); *Gabel v. Lynaugh,* 835 F.2d 124, 125 n. 1 (5th Cir.1988) (per curiam) (setting forth statistics that "suggest that pro se civil rights litigation has become a recreational activity for state prisoners in our Circuit").

to be important in cases involving the United States.[6] Nevertheless, this Court's "consistent and longstanding policy" of not taxing costs in favor of or against the United States in *in forma pauperis* appeals appears to be soundly based on the text of Rule 39(b) and § 1915(e). This panel is therefore constrained to follow it.[7]

The government's motion will be denied.

**6.** In *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973), the Tenth Circuit upheld the district court's assessment of costs against *in forma pauperis* litigants in a frivolous suit brought against several United States officers. The court stated:

A person who is able to prepay the cost of an action has no constitutional right to access to the courts to prosecute an action that is frivolous and malicious, and if he commences such an action and thereafter the court properly finds the action is frivolous and malicious, the court may dismiss the action and adjudge that the costs of the action shall be assessed against him.

Likewise, a person who is an indigent has no constitutional right to access to the courts to prosecute an action that is frivolous and malicious. And although he has obtained leave to prosecute such action without prepayment of costs or giving security therefor, if after he has commenced the action the court becomes satisfied that the action is frivolous and malicious, it may dismiss the action and adjudge that the costs of the action shall be assessed against him. That necessarily follows, because such indigent person had no right to prostitute the processes of the court by bringing a frivolous and malicious action.

469 F.2d at 478. In *Duhart* the Tenth Circuit simply affirmed the taxation of costs by the district court. There was no need to consider Rule 39(b).

Federal Rule of Civil Procedure 54(d), the rule analogous to Federal Rule of Appellate Procedure 39, governs the award of costs in district court proceedings. It does not contain a limitation comparable to that in Rule 39(b). Rule 54(d) reads, in part:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.

Fed.R.Civ.P. 54(d). If the practice of not awarding costs in *in forma pauperis* cases when the United States is involved is to be changed at the appellate level, it would seem to require an amendment to Rule 39 or § 1915.

**7.** The decisions in other courts imposing costs on *in forma pauperis* appellants in certain cases do not imply that costs necessarily would be appropriate against James and Freeland but for the special rule applicable in *in forma pauperis* appellate cases involving the United States government. Their appeal was not frivolous or malicious. Although it was ultimately decided against them, the issues they raised were worthy of serious consideration and brought forth an opinion on the merits from this Court. *See James v. Quinlan,* 866 F.2d 627 (3d Cir.1989).