**Mary MAIDA, Plaintiff–Appellant,**

v.

**John J. CALLAHAN, Acting Commissioner of Social Security, Defendant–Appellee.**

**Docket No. 97–6094.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 23, 1997.

Decided July 2, 1998.

Mary Maida, pro se, Bronx, New York, for Plaintiff–Appellant.

Susan D. Baird, Assistant United States Attorney, Southern District of New York, New York City, for Appellee.

Before: WALKER, JACOBS, Circuit Judges, and BRIEANT, District Judge.*

PER CURIAM:

Mary Maida objects to the itemized and verified bill of costs submitted, pursuant to Rule 39 of the Federal Rules of Appellate Procedure, by John J. Callahan, Acting Commissioner of Social Security ("Commissioner").

In August 1995, Maida filed a *pro se* complaint in the United States District Court for the Southern District of New York (Scheindlin, J.) pursuant to Section 205(g) of the Social Security Act ("SSA") (as amended 42 U.S.C. § 405(g)), seeking review of the final determination of the Commissioner denying Maida's application for Supplemental Security Income benefits based on disability. Maida was granted leave to proceed *in forma pauperis* in the district court pursuant to 28 U.S.C. § 1915.

The district court upheld the Commissioner's final determination denying Maida benefits, and entered judgment in favor of the Commissioner. *See Maida v. Chater*, 1997 WL 177879 (S.D.N.Y. Apr.11, 1997). Maida, retaining her *in forma pauperis* status, appealed the judgment to this court. We affirmed the judgment of the district court. *See Maida v. Callahan*, 133 F.3d 907 (2d Cir.1997) (table). The Commissioner, then, moved in this court for costs pursuant to

---

* The Honorable Charles L. Brieant of the United States District Court for the Southern District of New York, sitting by designation.

Fed. R.App. P. 39, and filed a timely itemized and verified bill of costs for $378.55, the cost of printing its brief and appendix.

In response to the motion Maida filed a timely objection to the bill of costs arguing (1) that she is indigent and cannot afford to pay the bill of costs and (2) that she is not required to pay costs because she proceeded *in forma pauperis.* In support of her indigency claim, Maida states that she receives $176 twice a month in public assistance, over one-half of which goes to pay her rent, and that she must buy her own food and medication.

## DISCUSSION

Rule 39(a) of the Federal Rules of Appellate Procedure provides that "if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered." "Costs" under this rule include the cost of printing the brief and appendix. *See* Fed. R.App. P. 39(c).

Rule 39(b) limits the situations in which the United States may recover appellate costs. The rule reads:

> In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States.

Fed. R.App. P. 39(b).

Rule 39(b) has a dual purpose: (1) to retain sovereign immunity for the United States and its agencies and officers against an award of appellate costs unless such an award is specifically authorized by law; and (2) in the interest of fairness, to preclude the United States from pursuing appellate costs in cases where, if the situation were reversed, it would enjoy sovereign immunity. *See James v. Quinlan,* 886 F.2d 37, 40 (3d Cir.1989) (discussing Advisory Committee Notes to Fed. R.App. P. 39).

In its bill of costs, the Commissioner cites only Rule 39 as authority for the costs it seeks; he cites no statute or rule under which Maida would have been able to recover costs if she had prevailed. In the absence of

such a statute or rule, the Commissioner is precluded, under Rule 39(b), from collecting costs. There are three relevant statutes that determine whether this authority exists in this case: the SSA, 42 U.S.C. § 405(g); the *in forma pauperis* statute, 28 U.S.C. § 1915; and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The SSA, under which Maida brought this action in the district court, is silent as to the availability of recovering costs against the United States. One of its sections allows for a successful SSA claimant to recover reasonable attorney's fees, *see* 42 U.S.C. § 406(b); but attorney's fees are not "costs" under Rule 39(a). *See* Advisory Committee Note to Fed. R.App. P. 39, 1967 Adoption, subdivision (a) (stating that statutory authority for the imposition of costs is found in 28 U.S.C. § 1920, which does not provide for the recovery of attorney's fees in the computation of costs). Accordingly, the SSA provides no support to a prevailing claimant for the recovery of Rule 39 costs against the United States.

The EAJA contains a provision that expressly allows a litigant to recover costs against the United States. This provision provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a)(1). By this provision, Congress has waived the government's immunity from costs in civil actions and has "'put[] the private litigant and the United States on an equal footing as regards [to] the award of court costs to the prevailing party in litigation involving the Government.'" *See In re Grand Jury Subpoena Duces Tecum January 2, 1985, Simels v. U.S.,* 775 F.2d 499, 501 (2d Cir.1985) (quoting H.R.Rep. No. 89–1535 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2527, 2528). However, the first clause of this section specifies that

costs are allowable against the government by a successful litigant *"[e]xcept as otherwise specifically provided by statute."* 28 U.S.C. § 2412(a) (emphasis added).

 We have permitted litigants to recover attorneys' fees under § 2412(b) of the EAJA in social security actions. *See Green v. Bowen,* 877 F.2d 204, 206–07 (2d Cir.1989); *Wells v. Bowen,* 855 F.2d 37, 42 (2d Cir.1988), *appeal after remand; Wells v. Sullivan,* 907 F.2d 367 (2d Cir.1990); *Cohen v. Bowen,* 837 F.2d 582 (2d Cir.1988); *McGill v. Secretary of HHS,* 712 F.2d 28, 30 (2d Cir.1983). We have also noted that "the [EAJA] has been found applicable [by other courts] to judicial review actions brought under the Social Security Act," *see id.,* (citing district court cases). The Third Circuit has held that the EAJA generally applies in social security cases. *See Tressler v. Heckler,* 748 F.2d 146, 148 (3d Cir.1984). Furthermore, there does not appear to be any language in the EAJA which prevents the recovery of costs in a social security action. Therefore, we believe that § 2412(a) applies to cases brought under the SSA, and a judgment for costs can be entered against the United States in such an action. The import of this finding in the present case is that, because of the government's immunity waiver in § 2412(a), it is generally able to recover appellate costs under Rule 39(a) in a social security case. However, in this case there is a further consideration, plaintiff's *in forma pauperis* status.

 Maida proceeded under the *in forma pauperis* statute, which provides that:

(a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and security therefor....

&ast; &ast; &ast; &ast; &ast; &ast;

(f)(1) Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but *the United States shall not be liable for any of the costs thus incurred.* If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

28 U.S.C. § 1915 (emphasis added). This section retains the United States's immunity from an award of costs where the potential awardee has proceeded under the *in forma pauperis* statute.

Thus, while the EAJA generally waives the United States's immunity from costs and a successful claimant may recover costs against the government in a social security action, it does so *"[e]xcept as otherwise specifically provided by statute,"* 28 U.S.C. § 2412(a) (emphasis added), and the *in forma pauperis* statute, 28 U.S.C. § 1915(f)(1), bars an award of costs against the government where a litigant proceeds under that statute. Because the *in forma pauperis* statute prevents an indigent claimant from recovering costs against the United States, the Commissioner in turn is excluded from recovering costs under Rule 39(b). *See James,* 886 F.2d at 40 (Rule 39(b) does not allow costs to be awarded in favor of or against the United States in *in forma pauperis* appeals).

Some circuit courts, in cases where the United States was not a party, have held that costs may be assessed against an unsuccessful appellant proceeding *in forma pauperis. See McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir.1994); *Weaver v. Toombs,* 948 F.2d 1004, 1014 (6th Cir.1991); *Lay v. Anderson,* 837 F.2d 231, 232–33 (5th Cir.1988) (per curiam); *Harris v. Forsyth,* 742 F.2d 1277, 1278 (11th Cir.1984); 28 U.S.C. § 1915(b) (requiring prisoners to pay the full amount of the filing fee). None of these cases involved the United States or one of its agencies or officers.

 We conclude that, when the United States is a party to a proceeding, no costs can be taxed in favor of or against an *in forma pauperis* litigant. Therefore, we sustain appellant's objection and deny the bill of costs.