William G. IANNACCONE, Plaintiff–
Counterclaim–Defendant–
Appellant,

v.

Marie LAW, former "Custodian" of
SSA, Defendant–Counterclaimant,

Kenneth S. Apfel, Commissioner of
Social Security, Defendant–
Appellee.

No. 00–6185.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2001.

William G. Iannaccone, Cheektowaga, NY, pro se.

Sandra M. Grossfeld, Ass't Reg. Coun. Soc. Sec. Admin., N.Y., NY, for appellee.

Present KEARSE, JACOBS, and JOSÉ A CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by appellant *pro se* and by counsel for appellee.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District

Court be and it hereby is affirmed in part and vacated in part, and the matter is remanded to the district court for remand to the Commissioner.

Plaintiff William Iannaccone, *pro se* and fee paid, appeals from a judgment of the United States District Court for the Western District of New York, William M. Skretny, *Judge,* granting the motion of defendant Commissioner of Social Security ("Commissioner") for judgment on the pleadings, denying Iannaccone's claim for underpayment of social security benefits from October 1976 to January 1984. On appeal, Iannaccone contends principally that the district court erred in concluding that the Commissioner's denial of benefits was supported by substantial evidence. He also seeks an award of damages against the Commissioner and contends that the district court erred in refusing to reinstate his claim against defendant Marie Law. For the reasons that follow, we affirm in part and vacate and remand in part.

Subsequent to the filing of Iannaccone's brief on this appeal, the Commissioner has taken the position that Iannaccone's claim for underpayments should be granted, and it has confirmed that "the Commissioner agrees to calculate and pay spouse's and widower's benefits to William Iannaccone, as survivor of Peter Iannaccone, for the months from October 1976 to January 1984." (Undated letter to this Court from counsel to the Commissioner, received on January 3, 2001; *see also* Commissioner's brief on appeal at 10 ("The Commissioner respectfully submits that the decision of the district court be reversed and remanded to the Commissioner for the purpose of issuing a fully favorable decision on plaintiff's underpayment claim.").) Accordingly, Iannaccone's claim for underpayments has become moot, and we vacate so much of the judgment as dismissed that claim; we remand to the district court for remand to the Commissioner to calculate and pay Iannaccone's claim for underpayment of social security benefits.

In addition, although a successful *pro se* litigant is not entitled to an award of attorneys' fees, *see generally Kay v. Ehrler,* 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), Iannaccone is entitled to an award of costs, both with respect to this appeal, *see generally Maida v. Callahan,* 148 F.3d 190, 193 (2d Cir.1998); 28 U.S.C.A. § 2412(a)(1); and with respect to the proceedings in the district court, *see id.;* Fed. R.Civ.P. 54(d)(1). The Commissioner has represented to this Court by letter dated January 11, 2001, that he will not object to the taxation of actual costs pursuant to 28 U.S.C. § 1920 with respect to the present appeal or a prior appeal, No. 97–6045, decided in *Iannaccone v. Law,* 142 F.3d 553 (2d Cir.1998) ("*Iannaccone I*"). Costs with respect to the appeals will be determined in accordance with 28 U.S.C. § 1920. We leave it to the district court on remand to calculate the appropriate amount of costs with respect to the proceedings in that court.

We affirm so much of the judgment as denied Iannaccone's request to reinstate his claim against Law. The district court's dismissal of the claims against Law was affirmed in *Iannaccone I,* 142 F.3d at 560. That affirmance constitutes the law of the case, and we have been informed of no reason why we should not adhere to that decision, *see generally Agostini v. Felton,* 521 U.S. 203, 236, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997); *Doe v. New York City Department of Social Services,* 709 F.2d 782, 789 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983).

Finally, to the extent that Iannaccone requests an award of damages, we reject that contention for lack of subject matter jurisdiction. It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be

sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* Congress has not consented to a suit against the United States for damages in circumstances such as these.

We have considered all of Iannaccone's contentions on this appeal and, except to the extent indicated above, have found them to be without merit. The judgment of the district court is vacated to the extent that it dismissed the claim against the Commissioner for underpayments of benefits. The matter is remanded to the district court for calculation of the costs to be awarded to Iannaccone, and for remand to the Commissioner for calculation and payment of Iannaccone's underpayment claim. In all other respects, the judgment of the district court is affirmed.