Edgar E. CHAMBERS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant–Appellee.

No. 03–7007.

United States Court of Appeals, Tenth Circuit.

Jan. 27, 2004.

Gregory L. Johnson, Ardmore, OK, for Plaintiff–Appellant.

Cheryl R. Triplett, Office of the United States Attorney, Muskogee, OK, Tina M. Waddell, James D. Sides, Michael McGaughran, Office of the General Counsel Social Security Administration, Dallas, TX, for Defendant–Appellee.

Before TYMKOVICH, HOLLOWAY, and ANDERSON, Circuit Judges.

## ORDER

PER CURIAM.

Appellant Edgar E. Chambers has submitted a bill of costs seeking taxable appellate expenses under Rule 39 of the Federal Rules of Appellate Procedure in conjunction with the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Mr. Chambers recently obtained a favorable decision on his appeal involving the denial of social security benefits. *See Chambers v. Barnhart,* No. 03–7007, 2003 WL 22512073, —— Fed.Appx. —— (10th Cir. Nov.6, 2003) (unpublished) (reversing district court judgment that affirmed Commissioner's denial of benefits and remanding for further administrative consideration). Mr. Chambers was granted leave to proceed *in forma pauperis* (ifp) on the appeal. As explained below, Congress has prohibited the award of costs against the government in favor of ifp litigants. We therefore deny the bill of costs.[1]

The Federal Rules of Appellate Procedure generally direct that costs be taxed against the appellee when an appellant secures a decision reversing a judgment. *See* Fed.R.App.P. 39(a). But "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law." Fed.R.App.P. 39(b). While the EAJA authorizes the award of costs against the United States, this authorization—which effects a waiver of sovereign immunity—is qualified by the phrase "[e]xcept as otherwise specifically provided by statute." 28 U.S.C. § 2412(a)(1). And here the ifp statute, 28 U.S.C. § 1915, specifically provides otherwise. In ifp cases, a "[j]udgment may be

---

1. We are careful to note that this order involves a bill of costs under Rule 39, not an EAJA fee application. "EAJA fee applications in social security cases [must] be filed in the first instance in the district court," and, given the nature of our decision on the appeal (commonly known as a "sentence four remand"), any EAJA application would be premature until the district court had remanded the case to the Commissioner. *See Goatcher v. Chater,* 57 F.3d 980, 981–82 (10th Cir. 1995).

rendered for costs ... as in other proceedings, *but the United States shall not be liable for any of the costs* thus incurred." *Id.,* § 1915(f)(1) (emphasis added).

Joint consideration of the controlling statutes thus "compels the conclusion that Rule 39(b) does not allow costs to be awarded ... against the United States in [ifp] appeals." *James v. Quinlan,* 886 F.2d 37, 40 (3d Cir.1989) (holding that principle of mutuality equitably read into Rule 39 precluded government from obtaining costs against ifp litigant because ifp statute—then § 1915(e)—precluded award for litigant against government); *see Maida v. Callahan,* 148 F.3d 190, 193 (2d Cir.1998) (same).

The bill of costs is DENIED.