FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICKI S. WADE, *Plaintiff-Appellant*, | No. 20-35327 |
| v. | D.C. No. 6:18-cv-02157-BR |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee.* | OPINION |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 9, 2021
Portland, Oregon

Filed September 24, 2021

Before: Kim McLane Wardlaw, Richard C. Tallman, and
Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Social Security / Costs

The panel denied a claimant's request for printing costs associated with her Social Security appeal, which was recently resolved in claimant's favor.

Federal Rule of Appellate Procedure 39(a)(3) taxes costs against the appellee if the reviewing court reverses the underlying judgment, but costs for or against the United States will be assessed only if authorized by law. As a partial waiver of sovereign immunity, the Equal Access to Justice Act ("EAJA") permits recovery of certain costs against the United States, unless prohibited by statute, and EAJA fees and costs provisions apply in Social Security appeals, "[e]xcept as otherwise specifically provided by statute." 28 U.S.C. § 2412(a)(1).

The panel held that the in forma pauperis (IFP) statute, 28 U.S.C. § 1915(d)(1), "otherwise specifically provide[s]" with respect to costs taxed against the government, and a party who proceeds IFP and prevails on appeal is not entitled to recover taxable costs from the United States, notwithstanding EAJA's limited waiver. Section 1915(d)(1) prohibits an award of costs for or against the United States under Federal Rule of Appellate Procedure 39 in appeals involving IFP litigants. The panel therefore denied claimant's requested costs.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

John E. Haapala Jr. (argued), Eugene, Oregon; Brent Wells, Harder Wells Baron & Manning P.C., Eugene, Oregon; for Plaintiff-Appellant.

Lars J. Nelson (argued), Assistant Regional Counsel; Mathew W. Pile, Regional Chief Counsel, Seattle Region X; Office of the General Counsel, Social Security Administration, Seattle, Washington; Renata Gowie, Civil Division Chief; United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

## OPINION

PER CURIAM:

Vicki Wade seeks printing costs associated with her Social Security appeal, which we recently resolved in her favor. The Commissioner opposes Wade's bill of costs because of her in forma pauperis (IFP) status. This raises an unanswered question in our circuit: Is a party who proceeds IFP and prevails on appeal entitled to recover taxable costs from the United States? The answer is no. We hold that 28 U.S.C. § 1915(f)(1)[1] precludes such an award to IFP litigants. We therefore deny Wade's requested costs.

---

[1] "Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, *but the United States shall not be liable for any of the costs thus incurred*." 28 U.S.C. § 1915(f)(1) (emphasis added).

I

Wade filed her claim for Social Security Disability Insurance benefits and Supplemental Security Income in 2015. An administrative law judge ultimately denied Wade's claim in 2017, finding her not disabled. Following an unsuccessful administrative appeal, Wade filed her federal court complaint in 2018, challenging the administrative decision. With her complaint, Wade also applied for leave to proceed IFP. The district court granted Wade's IFP motion, finding she "is unable to afford the costs of this action."

In 2020, the district court affirmed the decision denying benefits and entered judgment in the Commissioner's favor. Wade filed a timely notice of appeal and indicated that the district court had granted the IFP fee waiver. "A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). Wade proceeded IFP with her appeal.

On June 16, 2021, we issued a memorandum decision, concluding that the administrative law judge erred in evaluating the record evidence and discounting Wade's subjective symptom testimony. *Wade v. Saul*, 850 F. App'x 568, 569–70 (9th Cir. 2021). Accordingly, we reversed the district court's order affirming the Commissioner's denial of benefits and remanded the claim for further administrative review. *Id.* at 570.

Following our judgment, Wade submitted a bill of appellate costs, seeking $169.65 from the United States for copies of briefs and excerpts of record. The Commissioner opposed an award of those costs because 28 U.S.C.

§ 1915(f)(1) prohibits an award of costs against the United States to those litigants proceeding IFP.

## II

Federal Rule of Appellate Procedure 39(a)(3) taxes costs against the appellee if the reviewing court reverses the underlying judgment. However, "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) *only if authorized by law*." Fed. R. App. P. 39(b) (emphasis added).

As a partial waiver of sovereign immunity, the Equal Access to Justice Act (EAJA) permits recovery of certain costs against the United States, unless prohibited by another statute. *See* 28 U.S.C. § 2412(a)(1). We have held that the EAJA fees and costs provisions apply in Social Security appeals. *See Orn v. Astrue*, 511 F.3d 1217, 1221 (9th Cir. 2008) (order). But any statute waiving sovereign immunity must be construed strictly in favor of the United States. *See Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010). The pertinent EAJA costs statute states:

> *Except as otherwise specifically provided by statute*, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing

> party for the costs incurred by such party in
> the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added).

The IFP statute "otherwise specifically provide[s]" with respect to costs taxed against the government. Section 1915(f)(1) clearly precludes an award of costs against the United States where a court has granted a litigant IFP status, notwithstanding the EAJA's limited waiver. Other courts of appeals have confirmed this interpretation.

The Tenth Circuit resolved this issue in a Social Security case where the IFP appellant obtained a favorable decision on appeal. *See Chambers v. Barnhart*, 355 F.3d 1261, 1263 (10th Cir. 2004) (per curiam). Considering sections 1915 and 2412 together, the court concluded that Rule 39(b) precludes an award of costs against the United States in IFP appeals. *Id*.

Similarly, the Third Circuit in *James v. Quinlan*—upon which *Chambers* relied—explained that Rule 39(b) qualifies the general rule permitting costs to the successful litigant on appeal. 886 F.2d 37, 39–40 (3d Cir. 1989) ("When the United States government is involved, Rule 39(b) and § 1915 combine to modify the general approach to appellate costs set out in Rule 39(a)."). In *James*, the government sought costs under Rule 39(a) from an IFP appellant where the court affirmed the underlying judgment. *Id.* at 38–39. The court denied the government's request and explained that Rule 39(b) has two purposes: 1) protecting the United States' sovereign immunity from awards of appellate costs unless specifically authorized by statute, and 2) precluding the United States from seeking those costs as a matter of fairness. *Id.* at 40; *see* Fed. R. App. P. 39(b) ("Costs *for or against* the United States, its agency, or officer will be

assessed under Rule 39(a) *only if authorized by law*." (emphases added)). Examining the text of § 1915 and Rule 39, as well as the Advisory Committee's notes, the court held that § 1915 "compels the conclusion that Rule 39(b) does not allow costs to be awarded either in favor of or against the United States in [IFP] appeals." *James*, 886 F.2d at 40.

The Second Circuit has also recognized the mutuality enshrined in Rule 39(b). *See Maida v. Callahan*, 148 F.3d 190, 193 (2d Cir. 1998). In *Maida*, the Commissioner sought costs from an IFP litigant who was unsuccessful in her Social Security appeal. *Id.* at 191–92. The court discussed the EAJA's limited waiver of sovereign immunity, concluding that while § 2412(a) applies to Social Security cases and costs may therefore be awarded against the United States in some circumstances, § 1915 preserves the United States' sovereign immunity from costs where the potential recipient has proceeded IFP. *Id.* at 192–93. The court held that under Rule 39, "when the United States is a party to a proceeding, no costs can be taxed in favor of or against an *in forma pauperis* litigant." *Id.* at 193.

Section 1915(f)(1) is clear in declaring that "the United States shall not be liable for any of the costs thus incurred" where the party who would otherwise be entitled is proceeding IFP. Because those costs are not "authorized by law," Fed. R. App. P. 39(b), the statute triggers the rule's prohibition on awards of appellate costs "for or against the United States."

Well-supported by the statutory text—and with no reason to create an unnecessary circuit split on this issue, *see United States v. Cuevas-Lopez*, 934 F.3d 1056, 1067 (9th Cir. 2019)—we now join our sister circuits and hold that 28 U.S.C. § 1915(f)(1) prohibits an award of costs for or

against the United States under Federal Rule of Appellate Procedure 39 in appeals involving IFP litigants.

## III

Wade proceeded with her appeal IFP. While we granted judgment in her favor and sent her case back for further development and explanation, the law does not permit taxation of her appellate printing costs against the Commissioner.

The request for taxation of her costs is **DENIED**.