**FILED**



APR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YSAUL FLORES PERALTA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   19-70274
        19-72497

Agency No. A091-522-862

ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITIONER'S BILL OF COSTS

Before:  HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,* District Judge.

The memorandum disposition filed on April 5, 2022, is hereby amended as follows:

Page 5, Line 12: Change <Petitioner is awarded his costs on appeal in No. 19-70274.> to <Although Petitioner is the prevailing party in No. 19-70274, he is not entitled to his costs against the federal government because he is proceeding in forma pauperis. *See Wade v. Kijakazi*, 14 F.4th 973 (9th Cir. 2021).>.

With this amendment, Petitioner's bill of costs (Dkt. No. 92) is DENIED.

---

    *    The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YSAUL FLORES PERALTA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   19-70274<br>        19-72497<br><br>Agency No. A091-522-862<br><br>AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2021
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PREGERSON,[**] District Judge.

Petitioner Ysaul Flores Peralta, a native and citizen of Mexico and lawful permanent resident of the United States, seeks review of two Board of Immigration Appeals ("BIA") decisions.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). The jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2)(B) and (C) do not apply where, as here, a petitioner brings legal or constitutional challenges.[1] *Id.* § 1252(a)(2)(D).

The first petition seeks review of the BIA's decision vacating an Immigration Judge's ("IJ") discretionary grant of cancellation of removal. We lack jurisdiction to review this discretionary ruling except to the extent it rests on legal error. *See Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019). By regulation, the BIA is prohibited from conducting its own fact finding. 8 C.F.R. § 1003.1(d)(3)(i). The record contains no finding that Petitioner knew of the marijuana in his vehicle and, indeed, the IJ explicitly stated: "There is no evidence in the record to indicate that [Petitioner] had knowledge of [the marijuana]." Despite the IJ's finding, the BIA vacated the IJ's decision to grant cancellation of removal, primarily because the IJ's reasoning did "not reflect an adequate consideration of the seriousness of [the marijuana discovered in Flores Peralta's vehicle]." We are unable to determine from this statement what level of culpability or knowledge the BIA attributed to Petitioner for his role in the alleged trafficking incident. Because we cannot determine whether the BIA engaged in

---

[1] Because Petitioner does not challenge the IJ's determination of the facts, we need not and do not reach the question whether the Supreme Court's decision in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), abrogates the "on-the-merits" exception to 8 U.S.C. § 1252(a)(2)(C). *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).

impermissible fact-finding—and therefore whether we have jurisdiction—we grant the petition and remand with instructions for the BIA to clarify its reasoning. *Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir. 2004) (remanding for clarification where court was unable to determine whether BIA's decision rested on a reviewable or unreviewable ground); *see also Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) ("[W]e we must remand for clarification if the Board fails to provide an adequate statement of the reasons for its decision.").

The second petition seeks review of the BIA's decision denying Petitioner's motion to reopen his proceedings on the basis of ineffective assistance of counsel and new evidence.

Even assuming Petitioner's ineffective assistance argument was properly raised, the BIA did not abuse its discretion in concluding that he failed to establish prejudice. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004). We reject Petitioner's contention that, as a matter of law, there can never be "reason to believe" that an alien is or has been an illicit trafficker in a controlled substance, or has knowingly aided and abetted trafficking, when a prosecutor opts not to bring criminal charges against the alien. "The phrase 'has reason to believe' has been equated with the constitutional requirement of probable cause." *Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980). A prosecutor's

discretionary decision not to charge an alien with a drug trafficking crime has no bearing on whether there is probable cause to suspect the alien of such a crime. We also reject Petitioner's argument that the IJ failed to make the necessary findings under § 1182(a)(2)(C)(i)'s reason to believe standard; the IJ's ruling reflects that she implicitly made the necessary findings. *See Gomez-Granillo v. Holder*, 654 F.3d 826, 836 (9th Cir. 2011). Finally, the IJ was not required to seek a professional evaluation of Petitioner's mental capacity before conducting a competency hearing. *See Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182 (9th Cir. 2018) (citing *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479–81 (BIA 2011)).

Petitioner has not demonstrated that the denial of a continuance of the cancellation hearing deprived him of due process. "An alien asserting a due process challenge must show prejudice." *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 872 (9th Cir. 2003). An alien is prejudiced if the violation of due process "potentially affected the outcome of the proceedings." *Id.* at 875. Given the series of uncertain contingencies required for this denial to have potentially affected the outcome of these proceedings, we conclude that this challenge fails. We similarly conclude the BIA did not abuse its discretion in refusing to reopen the proceedings in light of Petitioner's new evidence of incompetency. *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018).

Petitioner's argument that he was improperly deemed to be an alien seeking admission was not adequately raised before the BIA. We therefore lack jurisdiction to consider whether Petitioner "committed an offense" under 8 U.S.C. § 1101(a)(13)(C)(v). *See Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter."); *see also Arsdi v. Holder*, 659 F.3d 925, 928–29 (9th Cir. 2011).

**PETITION FOR REVIEW IN NO. 19-70274 GRANTED AND REMANDED. PETITION FOR REVIEW IN NO. 19-72497 DISMISSED IN PART AND DENIED IN PART.**

Although Petitioner is the prevailing party in No. 19-70274, he is not entitled to his costs against the federal government because he is proceeding in forma pauperis. *See Wade v. Kijakazi*, 14 F.4th 973 (9th Cir. 2021).