[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13807
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03230-TCB

ANDREW ANG,

                                              Plaintiff-Appellant,

versus

COASTAL INT'L SECURITY, INC.,
STACEY ANN JONES,
MICHAEL TURNER,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 4, 2011)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Andrew Ang appeals pro se from the district court's denial of his motion for relief from the award of costs to Coastal International Security, Inc. ("CIS"), the prevailing party in his underlying disability discrimination and retaliation suit. Ang argues on appeal that: (1) the district court erred in finding that his motion for relief was untimely; (2) the court should have declined to award costs because CIS failed to properly serve him with the bill of costs, causing him prejudice; (3) because CIS's attorneys failed to provide evidence of service, despite attesting to proper service, they acted in bad faith, thereby warranting a denial of costs; and (4) the award of costs should be set aside and the case remanded to determine whether his indigent status qualifies him for a reduction of costs. After careful review, we affirm.

"We review a district court's decision about costs only for abuse of discretion." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). "An abuse of discretion occurs if the trial judge bases an award or denial upon findings of fact that are clearly erroneous." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). Federal Rule of Civil Procedure 54(d) provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed.R.Civ.P. 54(d)(1). We have explained that Rule 54(d) creates a presumption in favor of awarding costs to a prevailing party. Chapman, 229 F.3d at 1038.

"[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Id. at 1039. "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. Notably, a court may assess costs against a litigant who is proceeding in forma pauperis ("IFP"). See 28 U.S.C. § 1915(f); Harris v. Forsyth, 742 F.2d 1277, 1277-78 (11th Cir. 1984) (holding that appellate costs may be awarded under Fed.R.App.P. 39 against an unsuccessful IFP litigant).

Here, the district court did not abuse its discretion in finding that Ang's motion for relief was untimely because Ang filed the objections to the award of costs beyond the time limit set forth by Rule 54(d)(1). Rule 54 of the Federal Rules of Civil Procedure provides, in part: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed.R.Civ.P. 54(d)(1). In the instant case, the clerk taxed costs on February 5, 2010, and assuming Ang received notice on February 8, 2010, as he admitted, it is arguable that the clerk could have properly taxed costs only 14 days later, on February 22nd. But even under this scenario, Ang submitted his motion for relief another 16 days later, on March 10, 2010 -- beyond the 7 days required by Rule 54(d), and even beyond the 14 days he argues he had. Thus, even interpreting the rules most favorably to Ang, his motion

still would have been untimely. And, assuming he needed the full itemized bill to file detailed objections, nothing prevented him from filing a general objection, asking the court for an extension of time, or otherwise alerting the court that specific objections were forthcoming. Accordingly, the district court did not abuse its discretion in finding that Ang's motion was untimely despite CIS's alleged failure to serve him with the bill. See Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007) ("[I]t is fully within the discretion of the district court to decline to review an untimely objection to costs.").[1]

Because the district court properly could have denied Ang's motion on the grounds of untimeliness alone, the court would not have abused its discretion in declining to address the merits of the motion. See id. at 1255 (holding that, where an objection to costs was untimely, "the district court did not abuse its discretion in failing to address the objection on the merits"). However, the court did address Ang's claims on the merits and did not abuse its discretion in rejecting his claims. Indeed, even if CIS failed to properly serve Ang with its bill of costs, Ang failed to show any resulting prejudice. Moreover, CIS's mere inability to provide proof of service did

---

[1] As for Ang's argument that construing his Fed.R.Civ.P. 60(b) motion as an independent action in equity would have extended his time to file objections to the costs, the district court did not have to treat the motion as anything other than an objection to costs that had to be filed within the time limits of Rule 54(d). See Livernois v. Med. Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988) (stating that, regardless of how a post-trial motion is labeled, we "will conduct an independent determination of what type of motion was before the district court").

not constitute such bad faith as would have warranted a denial of costs. Finally, in considering Ang's indigence, the court properly found that his affidavit and his IFP status did not constitute substantial evidence of his inability to pay. Accordingly, the district court did not abuse its discretion in denying Ang's motion for relief.[2]

**AFFIRMED.**

---

[2] We also note that Ang never argued in his opening brief that CIS filed its bill of costs late, nor challenged the district court's ruling on the matter, even construing his brief liberally. Therefore, he has abandoned the issue. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (stating that, while we read pro se briefs liberally, issues not briefed by pro se litigants are abandoned); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 972-73 (11th Cir. 2008) ("[A]n argument not included in the appellant's opening brief is deemed abandoned.").